IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH KURTA,                              )
                                          )
          Plaintiff,                      )
                                          )
     vs.                                  )      Civil Action No. 10-195
                                          )
BOROUGH OF GLASSPORT,                     )
                                          )
          Defendant.                      )

AMBROSE, District Judge

**OPINION**
and
**ORDER OF COURT**

Defendant, Borough of Glassport, filed a Motion to Dismiss pursuant to Rule 12(b)(6) in the form of a Motion for Summary Judgment.  (Docket No. 4).  In support thereof, Defendant filed a Brief, a Concise Statement of Undisputed Material Facts, and an Appendix.  (Docket Nos. 5-7).  In opposition, Plaintiff filed a Memorandum, a Reply, and a Concise State of Undisputed Material Facts. (Docket Nos. 8, 12, and 13).  Thereafter, Defendant filed a Response to Plaintiff's Concise Statement of Undisputed Material Facts.  (Docket No. 14).  As more fully set forth below, after careful consideration of the pending Motion and the related documents, said Motion (Docket No. 4) is granted in part and denied in part.

I.     **Background**

Plaintiff is the owner of the real property located at 611 Peach Alley in the Borough of Glassport, as well as the structure that was demolished located thereon.  On June 7, 2006, a hearing was held by the Defendant regarding the demolition of Plaintiff's property located at 611 Peach Alley.  Plaintiff received notice that the hearing would be at 7:15, but arrived at 7:20.  (Docket No. 1-4, pp. 10, 27).  By this time, the hearing had already concluded.  Plaintiff filed a statutory appeal with the Court of Common Pleas of Allegheny County.  Defendants filed a Motion

to Quash the appeal.

On April 5, 2007, prior to the hearing on the Motion to Quash, Plaintiff and Defendant entered into a settlement agreement ("the Agreement") with regard to the statutory appeal that had been filed by Plaintiff.  They agreed that Defendant would remove the structure located at 611 Peach Alley from the demolition list and that Plaintiff would have 120 days to either sell the property or place the property in good condition according to Glassport Code of Ordinances.  Any violations thereafter, according to the Agreement, would be addressed according to the Ordinance.  (Docket No. 1-4, p. 30).  Ultimately, however, the property was demolished in November of 2007.

Plaintiff filed a Complaint in the Court of Common Pleas attempting to assert causes of action for the following: 1) §1983 for violation of Plaintiff's Fifth and Fourteenth Amendment procedural due process rights; and 2) Breach of Agreement.  (Docket No. 1).  Thereafter, Defendant removed it to this Court and filed a Motion to Dismiss pursuant to Rule 12(b)(6) in the form of a Motion for Summary Judgment.  (Docket No. 4).  Briefing of the issues is now complete and the issues are ripe for review.

II.    **Standard of Review**

Defendant titled his pending Motion as "Motion to Dismiss Pursuant to Rule 12(b)(6) in the form of a Motion for Summary Judgment." (Docket No. 4).  Both sides submitted evidence outside of the pleadings in support of their positions.  Rule 12(d) of the Federal Rules of Civil Procedure provides as follows:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Since Plaintiff has filed documents in opposition to the Motion outside of the pleadings, has addressed the summary judgment standard, was given ample time to respond, and has not filed any

objection to considering this matter as one for summary judgment, I am satisfied that Plaintiff has had sufficient notice of the conversion of the Motion to Dismiss into a Motion for Summary Judgment. *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir.1996)(formal notice of conversion not necessary where motion title indicated conversion and plaintiff had time to respond); *Latham v. U.S.*, No. 07-4135306 Fed.Appx. 716, 717-718, 2009 WL 105767, *2 (3d Cir. January 15, 2009). Therefore, I will convert Defendant's Motion to Dismiss into a Motion for Summary Judgment.

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion.  *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact.  *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987).   The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id*. at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

With this standard in mind, I now turn to the issues of this case.

III.    **Legal Discussion**

A.    **Fifth Amendment Claim**

It appears as though Count II of Plaintiff's Complaint attempts to allege a violation of Plaintiff's Fifth Amendment right to procedural due process.  (Docket No. 1-4, ¶32).  The Fifth Amendment provides, in part, that no person shall be "deprived of life, liberty, or property without due process of law."  The Fifth Amendment, however, "restrict[s] only federal governmental action" and not state action.  *Nguyen v. U.S. Catholic Conference,* 719 F.2d 52, 54 (3d Cir. 1983). Defendant seeks a dismissal of this claim since it is not a federal official. (Docket No. 5, p. 6). Plaintiff does not respond to this argument.  (Docket No. 8).  I agree with Defendant that it is a state actor, not a federal official or actor.  Accordingly, I agree with Defendant that to the extent  Plaintiff is attempting to assert a claim against Defendant pursuant to 42 U.S.C. §1983 for a violation of the Fifth Amendment, such claim must be dismissed.  Further, because permitting an amendment of this claim would be futile, such dismissal is with prejudice. Therefore, summary judgment as to Plaintiff's Fifth Amendment claim in Count II is warranted.

**B.     Remaining §1983 Claim under the Fourteenth Amendment**

It appears as though Count II of Plaintiff's Complaint attempts to allege a violation of Plaintiff's Fourteenth Amendment right to procedural due process.   (Docket No. 1-4, ¶33). Defendant argues that Count II of Plaintiff's Complaint should be dismissed because Plaintiff has failed to state a *Monell* claim.   (Docket No. 5, pp. 5-6).    For a local governmental entity, such as the Defendant in this case, to be held liable under §1983, a plaintiff must establish that the deprivation of rights was the result of an official policy, custom, or practice.  *Monell v. Dept. of Soc. Servs. of the City of New York,*  436 U.S. 658, 690-91 (1978).   Thus, Defendant argues that Plaintiff "failed to allege [the magic words] that [Defendant] has a policy or custom to deprive an owner of property notice and opportunity to be heard without due process of law...."  (Docket No. 5, p. 5).  I disagree.

To begin with, a fair reading of the Complaint alleges that after the Agreement, there was no notice that the property was in violation of any ordinance at the time or, by inference, that there would be a hearing regarding the said violation.  Defendant has failed to come forward with any evidence that Plaintiff was given notice that the property was in violation of the Code of Ordinances or that there was going to be a hearing regarding the same.  In fact, the only evidence is that the property was ultimately demolished at the direction of Defendant. While it is true that the Complaint does not state that this was done pursuant to a policy or custom, this is clearly the inference by the evidence.  Thus, if viewed in the light most favorable to Plaintiff, it is reasonable to assume Plaintiff's property was demolished without due process in violation of his Fourteenth Amendment right pursuant to a policy, custom or practice.  As a result, summary judgment is not warranted on this basis.

Additionally, I will permit Plaintiff to amend his complaint to add the explicit allegation that the failure to give notice and hold a hearing was pursuant to a policy or custom of Defendant.

5

C.    **Statute of Limitations for Remaining Fourteenth Amendment Claim**

Next, Defendant asserts that Plaintiff's §1983 due process claim pursuant to the Fourteenth Amendment should be barred based on the statute of limitations.  (Docket No. 5, pp. 7-8).    In actions under §1983, "federal courts apply the state's statute of limitations for personal injury." *Sameric Corp. Of Delaware, Inc., v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1988).   In Pennsylvania, the statute of limitations for personal injury claims is two years.  42 Pa. C.S.A. §5524. Therefore, Plaintiff's §1983 due process claim is subject to a two year statute of limitations.

There is no dispute that Plaintiff commenced this action on November 17, 2009.  Defendant argues, however, that the structure at issue was demolished prior to November 14, 2007.  (Docket No. 5, pp. 7-8, *citing,* Decl. Of John DeSue).  In opposition, Plaintiff submitted his own affidavit that states that the structure was demolished on November 19, 2007.  (Docket No. 8, p. 6, *citing*, Affidavit of Plaintiff, Docket No. 12-1, ¶2).  Based on the same, I find there is a genuine issue of material fact as to the date of the demolition of the structure.  Therefore, summary judgment on the basis of statute of limitations is not warranted.

D.    **Pennsylvania Constitutional Claim**

It appears as though Count II of Plaintiff's Complaint also attempts to allege a violation of the Pennsylvania Constitution.  (Docket No. 1-4, ¶¶31, 34, 41).  The Pennsylvania Constitution provides for the right to procedural due process.

§ 1. Inherent rights of mankind

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. Const. Art. 1, § 1.  Defendant seeks a dismissal of this claim because no such cause of action for monetary damages exists under the Pennsylvania Constitution. (Docket No. 5, pp. 6-7).  Plaintiff does not respond to this argument.  (Docket No. 8).

The issue of whether the Pennsylvania Constitution, Article 1, §1 provides a cause of action for damages is unsettled in Pennsylvania and has not been addressed by the Pennsylvania Supreme Court or the Third Circuit. Because this is a novel issue that deals with the interpretation of the state constitution, I believe that this is an issue more appropriately decided by the state courts. Therefore, I will decline to exercise supplemental jurisdiction over this issue pursuant to 28 U.S.C.A. §1367(c)(1). According to 28 U.S.C.A. §1367(c)(1), "district courts may decline to exercise supplemental jurisdiction over a claim...if--(1) the claim raises a novel or complex issue of State law...." That is the case here. Thus, dismissal of this claim, without prejudice, is warranted. The dismissal of this state-law claim without prejudice, however, should not work to Plaintiff's disadvantage. Section 1367(d) provides for at least a 30-day tolling of any applicable statute of limitation so as to allow a Plaintiff to refile his claim in state court.

## E.   **Breach of Agreement**

Count I of Plaintiff's Complaint is titled "Breach of Agreement." (Docket No. 1-4, pp. 6-7). Therein, Plaintiff alleges that the following were the terms of the Agreement that was entered into between the parties:

1.   611 Peach Alley shall come off the Glassport Borough demolition list.

2.   If the property is not sold within 120 days, the structure and the property surrounding must be placed in good condition subject to Glassport Code of Ordinances. Any violations shall be addressed according to the Ordinance.

(Docket No. 1-4, pp. 6-7, 30). The Complaint alleges that Plaintiff fulfilled his part of the Agreement but the structure was demolished anyway without notice or a hearing in contravention to the Agreement. *Id.*

Defendant argues that Plaintiff's Breach of Agreement claim should be dismissed because it is actually just another way of attempting to plead a procedural due process claim. (Docket No. 5, pp. 8-9). Defendant suggests it is an attempt by Plaintiff to "circumvent" the two-year statute of limitations issue associated with his due process claim. *Id.* at 9. I disagree.

7

To begin with, there remains a genuine issue of material fact with regard to the statute of limitations issue for Plaintiff's §1983 due process claim under the Fourteenth Amendment. Additionally, Plaintiff may plead two separate causes of action so long as he meets the pleading requirements for each claim asserted.  Defendant does not suggest that the elements to a breach of contract claim are not met.  Consequently, I find that summary judgment is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH KURTA,                        )
                                    )
        Plaintiff,                  )
                                    )
        vs.                         )        Civil Action No. 10-195
                                    )
BOROUGH OF GLASSPORT,               )
                                    )
        Defendant.                  )


AMBROSE, District Judge


**<u>ORDER</u>**

And now, this 23rd day of April, 2010, it is ordered that Defendant's Motion to Dismiss

pursuant to Rule 12(b)(6) in the form of a Motion for Summary Judgment (Docket No. [4]) is granted

in part and denied in part as follows:

  1.  The Motion is granted at to Plaintiff's Fifth Amendment claim and Plaintiff's Fifth
      Amendment claim in Count II is dismissed;

  2.  The Motion is granted as to Plaintiff's due process claim under the Pennsylvania
      Constitution and said claim is dismissed from Plaintiff's Complaint, without prejudice,
      pursuant to 28 U.S.C. §1367(c)(1).

  3.  The Motion is denied in all other respects.

It is further ordered, that Plaintiff is permitted to Amend his Complaint to make the explicit

allegation that Defendant's due process violation was done pursuant to a policy, custom, or practice.

The Amended Complaint shall be filed on or before May 7, 2010.

An initial status conference is set for May 3, 2010, at 9:30 a.m.


BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge